UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Kenneth Lamar Jarrett, Sr. | ) | Case No. 1:17-bk-11112-SDR |
| | ) | |
| Debtor | ) | |

**TRUSTEE'S REPLY TO DEBTOR'S SUPPLEMENTAL BRIEF**

On October 6, 2017, this Court entered an Order and Memorandum Opinion in the case of Melinda Pursley, Case No 1:17-bk-10732-SDR, which examined Local Rule 2016-1(b)(1). In that opinion, the Court held that "the debtor's attorney must carry the burden of showing that his or her fee is based on a good faith estimate of reasonable services that are, and will be, necessary and beneficial to the debtor." *Id.* at 9. As a part of the fee analysis, this Court has noted that the fee for necessary and beneficial services must be reasonable. "In a flat fee situation, the reasonableness analysis considers what he attorney estimates the work to be, the number of hours that will be needed to do it, and the hourly rate at which the attorney is willing to do that work." *Id.* at 5.

In light of the *Pursley* opinion, this Court allowed Mr. Rannick to supplement his response to the Trustee's objection to confirmation. Mr. Rannick has filed a supplement, but in that supplement, he does not provide the information to determine the basis of his good faith estimate of his fee in this case. Nowhere in the supplement does Mr. Rannick make an estimate of the work to be done and the hours that will be needed to do it. Instead, he extrapolates that there will need to be 28 hearings in this case. Based on her experience, the Trustee does not believe that this Court would allow a case to continue with excessive hearings on either an objection to confirmation or motions to dismiss. Additionally, even if so many hearings were to

occur, Mr. Rannick has not provided information regarding how many hours he anticipates would be required to resolve any issues. [1] Mr. Rannick did assert that the prior case was "a nightmare" to administer, so this office reviewed our hearing notes for the hearings listed by Mr. Rannick, a summary of which is included below:

| Date | Description | Trustee Notes |
|---|---|---|
| 9/15/2015 | 1st Meeting of Creditors<br><br>Plan Terms: 100% distribution to unsecured creditors; plan payment of $470 monthly; provisions for one secured creditor on an Isuzu | The debtor did not attend the meeting, which lasted less than a minute and was continued a week. |
| 9/22/2015 | 2nd Meeting of Creditors | This meeting lasted approx. six minutes. Several objections to confirmation were discussed, including fesasibility due to an IRS claim, failure to file a 2012 tax return and failure to make payments. During the meeting, Mr. Rannick advised his client how to resolve these objections.<br><br>The debtor had filed an affidavit stating he was not required to file tax returns; however, he had gambling winnings in the amount of $10,000 in 2012 which had been reported to the IRS. Therefore, he was required to file a 2012 tax return, and the IRS ultimately amended its claim resolving the feasibility issue. |
| 10/8/2015 | Hearing on Objection to Confirmation | This case was confirmed with a de novo, as we were awaiting the amended IRS claim. |
| 12/10/2015 | De novo Hearing | The IRS had amended its claim, and it was announced the case could continue as confirmed |
| 5/6/2016 | Office conference regarding Modified Plan | Although the Trustee has no knowledge of the content of this meeting, the meeting itself may have been prompted by the Trustee's report sent out on April |

---

[1] Although the Trustee's Office has not had the opportunity to review the transcript of the hearing in this case and the *Pursley* matter, those present at the hearing do not recall that the Court made a finding of fact regarding the reasonableness of Mr. Rannick's hourly fee.

| | | |
|---|---|---|
| | | 15, 2016 which identified a secured claim for a car which was not provided for in the plan or listed in the schedules. |
| 6/7/2016 | Meeting on Modified plan<br><br>Plan Terms: the only change to the plan was an added provision for a jointly-owned Dodge Caravan purchased within 60 days of the filing of the petition | This meeting lasted approx. 5 minutes, where the we noted payment and feasibility issues.<br><br>Mr. Rannick asked how we calculated our required plan payment. After a discussion of that calculation, Mr. Rannick stated that LuAnn had calculated the feasibility and that he did not want to hold up other meetings. He asked us to file an objection.<br><br>This is a common practice for Mr. Rannick regarding the feasibility of his cases. |
| 6/23/2016 | Hearing on Objection to Modified Plan | This hearing was continued for a payment |
| 8/4/2016 | 2nd Hearing on Objection to Modified plan | At this hearing, the plan was confirmed |
| 1/19/2017 | Motion to Dismiss | This motion was filed because we had not received a payment since 9/30/2016. The hearing was continued to see if a payment was received |
| 2/9/2017 | Motion To Dismiss | The debtor had no defense to the motion and the case was dismissed. |

Please note, that Mr. Rannick's § 341 meetings are all set at 4:00 p.m. to promote economy and preserve legal resources. In the Court hearings listed above, Mr. Rannick had several items in other cases pending on those dockets as well.

In case 15-13532, Mr. Rannick requested a $3,000 base fee, of which $1,912.82 was disbursed to him. That case was dismissed on February 9, 2017, and the current case was filed on March 13, 2017. When we compare the 2015 case and the 2017 case, they look very similar – the only change appears to be minor adjustments to the debtor's budget. In essence, the 2017 case is a modification of the 2015 case to take into consideration the debtor's realistic budget and

to avoid the good faith implications raised by the purchase of a vehicle within 60 days of the debtor's filing of the 2015 case.

Again, our office reviewed internal notes and recordings of meetings of creditors because Mr. Rannick did not provide an analysis of his projection of the work and time needed for this case; rather he simply relied on the number of hearing on the prior case without explanation or description of the time he invested in those hearings. Our office review of those hearings and meetings indicate that issues were straight-forward and easily resolved.

Rather than providing an estimate of the work required in this case and the time it would take to complete such work, Mr. Rannick discusses the technological advances in his office which allow him to bill for only "quality time for intentional matters." Mr. Rannick included Prolaw account pages for this case to date. Although what has happened in the case cannot be the basis of a good faith estimate of a reasonable fee at the inception of the case, it appears that Mr. Rannick and Ms. Whaley have spent a combined 1.4 hours working on this case, including attendance at the meeting of creditors.[2]

It appears that Mr. Rannick has the ability to keep contemporaneous time records – which could be useful in determining how many hours would be necessary to resolve any issues he anticipates in this case – but for many of the entries and records provided, it is unclear what work is being accomplished and by whom.[3]

---

[2] There appears to be a duplicate entry for Mr. Rannick's appearance at the meeting of creditors on his attached Prolaw sheet. On April 18, 2017 Mr. Rannick had meetings on 8 cases at 4 p.m., and the meeting in this case lasted approximately 3 minutes.

[3] The Trustee reserves the right to objection to what items are compensable, as it appears that some of the entries are for administrative or secretarial work, which the Trustee maintains is not compensable under current precedent.

Without a clear indication of what work Mr. Rannick anticipates being necessary and the amount of time needed to accomplish that work, the Trustee cannot meaningfully review (and object to) the reasonableness of the fee requested in this case.

Respectfully submitted,

By: \s\    Cherie N. Knotts
Cherie N. Knotts (27360)
Attorney for Trustee
P.O. Box 511
Chattanooga, TN 37401
(423) 265-2261

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing document and has been sent by electronic mail to those shown on the Notice of Electronic Filing receipt issued by the Clerk of Court and/or by placing a copy of the same in the United States First Class Mail with sufficient postage to insure delivery to its destination on the following:

Ken Rannick -- ECF

Dated:  November 6, 2017              By: \s\ Cherie N. Knotts