

**SO ORDERED.**
**SIGNED this 13th day of December, 2017**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**Not for publication. This opinion has limited precedential value.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| Kenneth Lamar Jarrett, Sr. | ) | No. 1:17-bk-11112 SDR |
| Debtor | ) | |

### ORDER AND MEMORANDUM OPINION

On October 5, 2017, the court delivered an oral opinion sustaining an objection filed by the chapter 13 trustee to the confirmation of the plan of Kenneth L. Jarrett, Sr. The debtor's chapter 13 plan provides for the allowance of a fee of $3,750 for the debtor's attorney, Mr. Ken Rannick. The trustee objected to confirmation of Mr. Jarrett's plan on the basis that the fee is excessive and should not be allowed because, among other things, unsecured creditors will be paid a small percentage of the funds paid into the case.

In its oral opinion, the court discussed the history of the case, the requirements of the applicable statutory provisions related to approval of a fee in a chapter 13 case, the requirements

1

of Fed. R. Bankr. P. 2016, the relevant case law in this circuit, and the provisions in E.D. Tenn. LBR 2016-1. The court recently provided a detailed analysis of these applicable rules to the allowance of a chapter 13 fee in the case of *In re Pursley*, No. 1:17-bk-10732-SDR, 2017 WL 4480235 (Bankr. E.D. Tenn. October 6, 2017). Because the debtor's attorney did not have the benefit of the *In re Pursley* opinion before providing the evidence in support of his fee, the court allowed the debtor's attorney to supplement his filings in this case to demonstrate the reasonableness and necessity of his requested fee of $3,750. The debtor's attorney has filed a supplemental brief, and the chapter 13 trustee has filed a response. (Doc. Nos. 45-46).

The court has reviewed the additional pleadings and, based on the entire record in this case, makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 as made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (L).

This court's applicable local rule, E.D. Tenn. LBR 2016-1, authorizes a debtor's attorney to request a flat fee of $3,750 or less in lieu of filing fee applications as required by Fed. R. Bankr. P. 2016(a) and authorizes the allowance of such an estimated fee in the confirmation order.

The local rule requires that the fee be a "good faith estimate of the services to be rendered" and the allowance of that estimate must comport with the requirements of 11 U.S.C. § 330(a)(3) and (4). E.D. Tenn. LBR 2016-1(b)(1). Those bankruptcy code sections require the compensation to be reasonable for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor. Section 330(a)(3) requires the court to review the rate, the amount of time spent, the benefit to the party, whether the services were performed within a reasonable amount of time

2

given the skill and complexity of the work, the level of expertise of the attorney, and whether the compensation is commensurate with amounts paid to attorneys in nonbankruptcy cases. In a chapter 13 case in which the debtor's attorney seeks a flat fee, the amount of time to be spent is a good faith estimate of the time that will be required to complete the case.

In this case, the trustee challenged the fee request on the basis that the fee, if allowed, would take a substantial percentage of the total amount paid into the case. After paying the secured debts, the trustee states there will be $5,894 available to unsecured creditors. Mr. Rannick has requested a fee of $3,750, which is estimated to be about 64% of the total amount payable to unsecured creditors. The trustee's counsel argued that Mr. Rannick's fee should be $2,894 or approximately 50% of the remainder. However, she cited no authority in our local rules or the bankruptcy code or rules for a limitation of the fee based on the percentage of distribution paid to unsecured creditors. While the court acknowledges the importance of the chapter 13 trustee's efforts in reviewing fees and acting as a fiduciary for the distributions to creditors under chapter 13 plans, a minimum percentage paid to creditors is not an element of the reasonableness analysis.

As the court stated in *In re Pursley*, the correct standard for review of a fee is whether the fee is "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in [section 330]." 2017 WL 4480235, at *1 (citing 11 U.S.C. § 330(a)(4)(B)).

The court will first look at whether services for a chapter 13 are beneficial to the debtor. At the initial hearing and in his supplemental brief, Mr. Rannick addressed why a chapter 13 was beneficial to his client. Mr. Jarrett has health problems and needs relief from his creditors but is

not eligible for a chapter 7 discharge. He also desires to protect his son, a co-owner of one of his cars. In the supplemental pleading, Mr. Rannick disclosed that the debtor can no longer drive as a result of his medical conditions. By paying for a second car to ensure that his son will have access to a car, the debtor is ensuring that the driver he depends on will have a vehicle to take him where he needs to go. Mr. Rannick also notes that his client's care is dependent on maintaining a personal relationship with his son, which has been complicated by possible criminal charges against his son and his son's need for counsel.

All of these facts support Mr. Rannick's explanation that a chapter 13 was the best option for this debtor. The services that he has represented he has provided, such as preparing the petition and the schedules, preparing a plan, attending the meeting of creditors, addressing objections to confirmation, and filing objections to claims, are all necessary services in a chapter 13 case, and the court also finds those services to be necessary here.

That leaves the court to address the reasonableness of the requested compensation. That analysis requires a review of the hourly rate and the number of hours expected to be spent. *See In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991); *see also In re Williams*, 357 B.R. 434, 438-39 (B.A.P. 6th Cir. 2007). At the hearing, in response to the court's questions about the factors listed in the local rule, Mr. Rannick stated that his hourly rate is $320, which is at the higher end of the spectrum of hourly rates charged by consumer debtor's counsel in this jurisdiction. Mr. Rannick's 30 plus years of experience and his certification as a consumer bankruptcy specialist support a higher rate. *See* 11 U.S.C. § 330(a)(3)(E). While not every aspect of this representation would require the attention of an attorney with that level of expertise, the court is aware, based on other fee requests from Mr. Rannick's firm, that he delegates work to other attorneys and paraprofessionals with lower rates as well as staff whose compensation is included in his

4

overhead. In his supplemental filing, Mr. Rannick also highlights the technological advances his office has put into place to make their representations more efficient. He indicates that such an investment allows him to do more in less time. This use of technology supports Mr. Rannick's hourly rate, and such efficiency is to be encouraged. The court finds Mr. Rannick's rate of $320 an hour to be reasonable given his experience level and staffing of the case with professionals and paraprofessionals who charge lower rates.

The final element to consider in the reasonableness analysis is the estimate of the hours needed. Mr. Rannick's supplement reflects that his firm has expended approximately $1,775 in fees to this point. He relies on the history of the prior case to support his claim that $3,750 is a reasonable estimate of the value of the time that would need to be spent in this case. He notes that there were nine hearings in the nineteen months of the prior case; however, he does not provide the amount of time actually spent by each professional or paraprofessional attending those hearings or providing services in the prior case. Using only that rate of appearances per month of case, he projects that there would be 28 hearings in this case, which would result in $4,400 in services. This formula fails to demonstrate the amount of time he estimates would be needed.

The court's concern was whether there should be fewer hours needed in this case because of Mr. Rannick's familiarity with this debtor. From the court's review of this case and the prior case as it stood at the time of dismissal, there appear to be very few differences. Mr. Rannick explained that he duplicates his due diligence in a second case because of changes in a debtor's circumstances, and he has also found that a debtor may be more complete and accurate in his or her disclosures a second time around. This duplicative review would appear to be appropriate in

this case because of shortcomings in the debtor's disclosures in the prior case.[1] The court notes that time for due diligence is included in the $1,775 expended to this point. Mr. Rannick admitted that there were some savings of time because of the information already contained in his firm's files. Even allowing full time for the duplicated due diligence, the court believes the time for preparation of the filings and plan should be less because they are only slightly changed. The court also notes that in the present case only one meeting of creditors had to be held and there was no objection to confirmation based on failure to make payments. It appears that the case has already had fewer problems. These facts support the court's conclusion that fewer hours will be needed in this case to provide the necessary services.

Finally, this case seems to be more akin to a modification of the prior case rather than a new filing. Mr. Rannick has historically charged between $800 and $1,000 for preparing and confirming a modified plan. Given those historical costs as well as the current fees incurred in this case, the court finds that an allowance of $3,750 would excessive. Although the court disagrees with the basis of the trustee's objection, it does not disagree with the fee amount the trustee suggested would be reasonable, $2,894. That amount covers the value of fees expended to this point according to Mr. Rannick and provides an additional $1,000 for future services.[2]

---

[1] Mr. Jarrett has had three cases pending before this court. The first was a chapter 7 in 2013 (Case No. 1:13-bk-14072-SDR) and was prompted by the medical expenses which arose from two heart attacks. He received a discharge on November 13, 2013. Following his discharge, he had a third heart attack which required a subsequent chapter 13 bankruptcy filing on August 14, 2015. (Case No. 1:15-bk-13532-SDR). In that case, multiple hearings were required because the debtor failed to disclose to Mr. Rannick that he had gambling winnings that were large enough to require the filing of a tax return as well as the existence of an undisclosed obligation for second car to Cherokee Financial Services. Mr. Rannick's supplemental pleading describes the representation as being a "nightmare." Nevertheless, only 28 days after the second case's dismissal, Mr. Rannick filed this case.

[2] Although the court expects that the case will require some follow up, it does not believe that 28 appearances, as Mr. Rannick suggests in his supplement, will be necessary. This is the debtor's second attempt at a chapter 13 plan. Only if the debtor regularly makes his payments does this case have a chance to survive. If the payments are made, the hearings will not be necessary. If the payments are not made, the debtor will be facing dismissal. Given the debtor's circumstances and minimal disposable income, there is little or no room for modifications. The debtor is on

Having found that the requested attorney's fee is excessive, the court will sustain the trustee's objection to the fee. Mr. Rannick's attorney's fee will be reduced and allowed in the amount of $2,894. All objections to the plan having been resolved, the court will proceed to enter an order confirming the debtor's plan with this adjustment for the attorney's fee.

It is so ORDERED.

# # #

---

disability so there are unlikely to be changes in his source of income. The debtor's financial assets and liabilities appear to have been thoroughly reviewed, which should minimize surprises.